# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PBA LOCAL 183, et al., | Civil Action No. 17-6962 (SRC) |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| County of Essex, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court upon the appeal of the March 7, 2019 Order entered by Magistrate Judge Cathy A. Waldor.[1] ECF No. 27. Defendant, County of Essex ("Defendant" or the "County") seeks partial review of Judge Waldor's March 7, 2019 Order, which granted Plaintiffs' motion to compel the depositions of Essex County Executive Joseph DiVincenzo ("DiVincenzo") and Essex County Sheriff Armando Fontoura ("Sheriff Fontoura") [ECF No 29], and denied the County's cross-motion for a protective order prohibiting DiVincenzo's deposition [ECF No. 33]. More specifically, although Judge Waldor's March 7, 2019 Order granted Plaintiffs' motion to compel as to both DiVincenzo and Sherriff Fontoura, the County only seeks review of the portion of Judge Waldor's March 7, 2019 Order granting Plaintiff's motion to compel DiVincenzo's deposition. For the reasons stated below, Magistrate Judge Waldor's Order will be affirmed.

---

[1] Judge Waldor's March 7, 2019 Order is docketed at ECF No. 24. The Court notes that the March 7, 2019 Order also refers to another action, Vincent G. Fortunato v. County of Essex, Civil Action No. 17-cv-6830, (the "Fortunato action"), which was consolidated with the instant action for discovery purposes. However, the Fortunato action was voluntarily dismissed without prejudice by the parties on July 11, 2019 [Civil Action No. 17-cv-6830, ECF No. 52] and is thus no longer active.

1

By way of background, this action was initiated by Plaintiffs as an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, for unpaid overtime and retaliation.[2] Plaintiff PBA Local 183 ("PBA Local 183") "is the exclusive majority representative for approximately 350 Sheriff's Officers and Investigators below the rank of Sergeant employed by the County of Essex;" Plaintiffs Dolores M. Paladino ("Paladino") and Marisol Pagan ("Pagan") are both detectives employed by the County in the Essex County Sheriff's Department, where they are assigned to the K-9 Unit (collectively, "Plaintiffs"). ECF No. 1, (Compl.) ¶¶ 1-3. In addition to their overtime and FLSA retaliation claims, Plaintiffs also allege that the County violated New Jersey Attorney General Mandatory Guidelines on K-9 Training Standards and Qualification Requirements for New Jersey Law Enforcement.

In Magistrate Judge Waldor's well-reasoned March 7, 2019 Order, she granted Plaintiffs' motion to compel DiVincenzo's deposition. She examined Plaintiffs' request in light of the "apex" doctrine, and found that it did not apply, as: (1) "Plaintiffs put forth a valid basis for their assertion that DiVincenzo was personally involved in facts relevant to Plaintiffs' claims;" and (2) Defendants failed to point any other witnesses that could provide the same information as DiVincenzo or any less burdensome discovery method to obtain this information. ECF No. 24 at 3.

In their appeal of the March 7, 2019 Order, the County argues that the magistrate judge erred insofar as she incorrectly applied the two factors required to be considered under the "apex" doctrine. They maintain that Judge Waldor's decision was contrary to Third Circuit law,

---

[2] The Court notes that Plaintiffs' claims of retaliation relate to an Order allegedly given by Sherriff Fontoura "to kennel all canine partners at the K-9 Unit headquarters in West Orange at all times when the canines were not 'on duty' with their human partners," in response to a 2015 FLSA lawsuit filed by a retired K-9 Unit member, who is not a party to the instant action. Although the March 7, 2019 Order states that this order by Sherriff Fontoura was given in 2016, and thus refers to it as the "2016 Order," the Complaint in the instant action fails to provide a date as to when this retaliatory order was given. Nevertheless, because the parties do not appear to dispute the date of the alleged order, the Court will similarly refer to this allegedly retaliatory order as the "2016 Order."

as (1) Judge Waldor erroneously found that DiVincenzo is likely to have personal knowledge of the of the relevant subject matter; and (2) the March 7, 2019 Order failed to properly evaluate whether the information sought from DiVincenzo could be obtained in a less burdensome way. See ECF No. 27. The County therefore asks this Court to set aside the March 7, 2019 Order as it relates to DiVincenzo, and enter a protective order prohibiting his deposition. Id.

A district court may modify or set aside a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205 (D.N.J. 1997). However, "[a] district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000) (citations omitted). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)). A magistrate judge's determination is contrary to law if he or she misinterpreted or misapplied the applicable law. Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998). Furthermore, pretrial discovery rulings, such as those at issue in the instant appeal, are afforded significant deference and are thus reversible only for abuse of discretion. Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000); Kresefsky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted." Leap Sys., Inc. v. Moneytrax, Inc., No. 05-1521

(FLW), 2010 U.S. Dist. LEXIS 53167 at *10 (D.N.J. June 1, 2010) (internal quotations and citations omitted). The burden is on the party filing the appeal to demonstrate that the standard for modifying or setting aside the magistrate judge's ruling has been met. Cardona v. Gen. Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996).

The appeal taken from the March 7, 2019 Order by the County fails to meet that standard. Although the County maintains that Judge Waldor's failure to prohibit the deposition of DiVincenzo contravenes Third Circuit law regarding the "apex" doctrine, the County has not persuaded this Court that the order at issue is clearly erroneous or contrary to law, nor that the Magistrate Judge abused her discretion in deciding that Plaintiffs should be able to depose DiVincenzo. Judge Waldor's decision to allow the deposition of DiVincenzo was consistent with the evidence set forth during the June 14, 2018 deposition of Undersheriff Kevin Ryan, who stated that DiVincenzo was "very involved in each and every aspect of operating this government" anytime a lawsuit was filed which involved the County, and "the most hands-on county exec[utive] we [the County] ever had." The County thus fails to show how Judge Waldor's reliance on this evidence— in finding that DiVincenzo possesses unique knowledge as to the facts and circumstances surrounding this case— was an abuse of discretion or contrary to law. Moreover, despite the County's belated attempts to suggest alternate, less burdensome ways that Plaintiffs could supposedly obtain this information, the County's submissions to Judge Waldor were bereft of any such less burdensome alternatives.

For these reasons, the Court finds that the County has not met its burden of showing that the March 7, 2019 Order was clearly erroneous or contrary to law. This Court will therefore affirm the ruling made by the magistrate judge in the March 7, 2019 Order.

Accordingly,

**IT IS** on this 7th day of August, 2019,

**ORDERED** that the appeal of the magistrate judge's order of March 7, 2019 [ECF No. 27] be and hereby is **DENIED**; and it is further

**ORDERED** that the order of March 7, 2019 [ECF No. 24] is **AFFIRMED**.


                                        s/ Stanley R. Chesler
                                        STANLEY R. CHESLER
                                        United States District Judge